1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11    TYRONE C. ELEBY,                         No.  2:18-cv-3026 DB P

12                 Plaintiff,

13         v.                                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    M. VOONG, et al.,

15                 Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1,

19    11, 14, 15).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1)(B).

21         For the reasons stated below, the court shall grant plaintiff's motion to proceed in forma

22    pauperis.  The undersigned shall also recommend that this action be summarily dismissed for

23    failure to exhaust.

24    I.      IN FORMA PAUPERIS APPLICATION

25         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

26    1915(a).  (See ECF Nos. 11, 14).  Accordingly, the request to proceed in forma pauperis will be

27    granted.  Plaintiff's later-filed in forma pauperis application (see ECF No. 15) will be dismissed

28    as duplicative.

                                                1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

2

1    Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

2    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

3    McKeithen, 395 U.S. 411, 421 (1969).

4    **III.    PLAINTIFF'S COMPLAINT**

5         **A.    Relevant Facts**

6         Plaintiff names M. Voong, J. Dominguez, J. Fox, K, Seibel, J. Saelee, Kesteron, V.

7    Brunetti, R. Guitierez, N. Strickland, S. Norenburg and "Unknown" as defendants.[1]  (See ECF

8    No. 1 at 1-2, 5).  He alleges that on July 11, 2017, after being placed in administrative segregation

9    at Deuel Vocational Institution ("DVI"), he was asked to sign an inventory form for property

10   recovered.  (See generally id. at 6, 14-17, 36).  Thereafter, on September 30, 2017, he was

11   transferred to California Medical Facility's ("CMF") administrative segregation unit, at which

12   point, he was asked to sign another property inventory form.  (See id. at 6, 37).

13        Plaintiff states that in December 2017, after he was released from administrative

14   segregation, he filed an appeal regarding the disposition of his property.  (See ECF No. 1 at 6).

15   (See id. at 6).  On December 22, 2017, defendant Strickland, an appeals coordinator at CMF,

16   interviewed plaintiff and told him that he had exceeded the time limits for filing an appeal about

17   his property.  (See id. at 6).  Thereafter, plaintiff's appeal was forwarded to DVI for review.  (See

18   id. at 22-23).  Eventually, defendant Brunetti, a DVI appeals coordinator, cancelled plaintiff's

19   appeal at the first level of review.  (See id. at 24).

20        Plaintiff continued his appeals process through DVI.  (See ECF No. 1 at 7).  He states that

21   defendants Brunetti, Saelee, Kesterson, and Seibel were involved in the proceedings.  (See id. at

22   ////

23   _____

24   [1]  According to information in the complaint, defendant Voong is Chief of the Office of Appeals,
     presumably for the California Department of Corrections and Rehabilitation.  Defendant

25   Dominquez is an Appeals Examiner for the Director of Appeals.  Defendant Fox is the Warden of
     DVI Minimum Support Facility.  Defendant Seibel is the Warden of DVI.  Defendant Saelee is a

26   Correctional Counselor II at DVI.  Defendant Kesterson is an Appeals Examiner at DVI.
     Defendant Brunetti is a Correctional Counselor II at DVI.  Defendant Guitierez is Appeals

27   Coordinator at CMF.  Defendant Strickland is an Appeals Coordinator at CMF, and defendant
     Norenburg is a Correctional Officer in charge of property inventory.  (See ECF No. 1 at 2-3, 5 et

28   seq.).

1  7).  Ultimately, on June 21, 2018, plaintiff's appeal was reviewed and denied at the third level of

2  review by defendants Dominguez and Voong.  (See id. at 7, 28-29).

3       Plaintiff states that throughout the process, defendants told him that his appeal had been

4  cancelled pursuant to Title 15, California Code of Regulations § 3084.6(c)(4) because he had

5  filed it after the period to do so had expired.  (See generally ECF No. 1 at 6-7).  He argues,

6  however, that statutory exceptions to the timely filing requirement include being on lockdown,

7  being retained in segregated housing, and ongoing program closure.  (See id. at 8) (citing to

8  California Code of Regulations, tit. 15 § 3084.6(c)(4)).  As a result, plaintiff contends,

9  defendants' rejection of his appeal was arbitrary.  (See id. at 10).

10       Plaintiff further contends that defendants violated his right to due process when they

11  deprived him of his property and that this deprivation also constituted harassment in violation of

12  the Eighth Amendment's prohibition against cruel and unusual punishment.  (See ECF No. 1 at

13  9).  Finally, plaintiff generally alleges that his First and Fifth Amendment rights were violated.[2]

14  (See id. at 9-10).

15      **B.   Relief Sought**

16       Plaintiff seeks preliminary and permanent injunctions directing defendants to refrain from

17  retaliatory actions against him for "exercising his [Fifth] Amendment rights."  (See ECF No. 1 at

18  11) (brackets added).  He also seeks a protective order, compensatory and punitive damages, a

19  jury trial and any additional relief the court deems just, proper and equitable.  (See id. at 11).

20  **IV.    APPLICABLE LAW:  EXHAUSTION REQUIREMENT**

21      **A.   Prison Litigation Reform Act**

22       Because plaintiff is a prisoner challenging the conditions of his confinement, his claims

23  are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA

24  requires prisoners to exhaust available administrative remedies before bringing an action

25  challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates

26  that inmates exhaust all available administrative remedies before filing 'any suit challenging

27
                              _____

28  [2]  Plaintiff has provided no factual support for his cruel and unusual punishment or First and Fifth
Amendment arguments.  (See generally ECF No. 1).

prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S. 199, 216 (2007).  It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him."  Id.

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original).  In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross, 136 S. Ct. at 1859-60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special

////

circumstances.' " <u>Id.</u> at 1856.  "[M]andatory exhaustion statutes like the PLRA establish

mandatory exhaustion regimes, foreclosing judicial discretion." <u>Id.</u> at 1857.

  **B.**  **California Regulations Governing Exhaustion of Administrative Remedies**

  "The California prison system's requirements 'define the boundaries of proper

exhaustion.' " <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S.

at 218).  In order to exhaust, the prisoner is required to complete the administrative review

process in accordance with all applicable procedural rules.  <u>Woodford</u>, 548 U.S. at 90.  California

regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material

adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a)

(2017).[3]  The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee

Appeal Form," "to describe the specific issue under appeal and the relief requested."  <u>Id.</u>, §

3084.2(a).  "The California prison grievance system has three levels of review: an inmate

exhausts administrative remedies by obtaining a decision at each level."  <u>Reyes v. Smith</u>, 810

F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); <u>Harvey v.

Jordan</u>, 605 F.3d 681, 683 (9th Cir. 2010)).

  Each prison is required to have an "appeals coordinator" whose job is to "screen all

appeals prior to acceptance and assignment for review."  Cal. Code Regs. tit. 15, § 3084.5(b).

The appeals coordinator may refuse to accept an appeal and does so either by "rejecting" or

"canceling" it.  <u>Id.</u>, § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or

cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.").

  "Cancellation" is reserved for those appeals which the inmate cannot simply correct.  For

example, an appeal can be cancelled if the action complained of "is not within the jurisdiction" of

the CDCR, or if time limits for submitting the appeal have been exceeded.  <u>Id.</u>, § 3084.6(c)(1),

(4).  Upon "cancellation" of the appeal, the inmate's only recourse, if he still wishes to pursue it,

is to show that the reason given for the cancellation was inaccurate or erroneous, or that "new

---

[3]  All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for
the current version, which has been unchanged, in pertinent part, since October 2016.

information" now makes it eligible for review.  Id., § 3084.6(a)(3) (cancelled appeal may later be accepted "if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review").

According to the regulations, "a cancellation or rejection decision does not exhaust administrative remedies."  Id., § 3084.1(b).  Outside of any exceptions outlined in the regulations, "all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted."  Id.

## V.    DISCUSSION

### A.    Failure to Exhaust

Although failure to exhaust is an affirmative defense which typically, defendants must raise and prove (see Jones, 549 U.S. at 211-17; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)), the exhaustion question should be decided as early as possible (see Albino, 747 F.3d at 1170).  Thus, when a plaintiff specifically states in either his complaint or the documents he has submitted that he has not exhausted his administrative remedies, the court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded.  See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see generally Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citation omitted) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

On the face of the complaint, it is clear that plaintiff has not properly exhausted his administrative appeals.  This is because plaintiff states that his appeal related to the loss of his property was cancelled at the first level of review during the exhaustion process.  (See ECF No. 1 at 3, 6-7, 24) (stating appeal was cancelled).  However, as stated previously, plaintiff's appeal

was canceled because he filed the appeal outside of the time limits established by CDCR.

Nonetheless, plaintiff continued through DVI's appellate process. The prison's findings in plaintiff's first, second and third levels of review that plaintiff has filed with the complaint support this fact. (See id. at 22-29) (cancellation of appeal at first level with subsequent second and third level appeals denied).

Furthermore, plaintiff does not contend that administrative remedies were unavailable to him, which, would excuse his failure to exhaust. Specifically, plaintiff has not claimed any of the following: (1) that exhausting the claim was a dead end because prison officials were either unable or consistently unwilling to provide any relief to aggrieved inmates;[4] (2) that the administrative process at either DVI or CMF was incapable of use because no one could understand it, or (3) that prison officials had thwarted plaintiff's ability to take advantage of the grievance process through machination, misrepresentation or intimidation.[5] See Ross, 136 S. Ct. at 1859-60; (see generally ECF No. 1).

Given these facts, plaintiff has clearly failed to exhaust, and he has no legally supported excuse for not having done so. Therefore, plaintiff's underlying substantive claim that defendants violated his rights to due process when they deprived him of his property (see ECF No. 1 at 8-9) may not be considered by this court. See 42 U.S.C. § 1997e(a); Albino, 747 F.3d at 1171 (stating exhaustion requirement before filing in federal court). Instead, this action must be dismissed.

////

////

////

---

[4] On the contrary, plaintiff clearly states that a grievance he filed that had similar facts led to his property eventually being returned to him. (See ECF No. 1 at 20-21) (plaintiff acknowledging on 602-A form that previously, prison officials had granted appeal after he had signed a 1083 property inventory form).

[5] To the extent plaintiff argues that defendants failed to properly screen his grievance (see ECF No. 1 at 8-10), plaintiff has not shown that defendants screened his appeal for reasons that were either inconsistent with or unsupported by applicable regulations, here, Section 3084.6(c)(4). See Sapp v. Kimbrell, 623 F.3d 813, 817 (9th Cir. 2010) (holding improper screening of grievances may excuse failure to satisfy exhaustion requirement if screened for reasons inconsistent with or unsupported by applicable regulations). Therefore, plaintiff's failure to exhaust is not excused under Sapp, either.

**B.      State Law Claims Precluded**

In the complaint, plaintiff also asserts that prison officials failed to follow their own policies codified in the California Code of Regulations.  (See ECF No. 1 at 9) (stating defendants are in violation of Constitution due to failure to provide due process related to prison CCR policy related to administrative appeals).  To the extent that with this assertion, plaintiff requests that the court review defendants' application of state regulations to his appeal proceedings, perhaps as another means of curing his failure to exhaust, the undersigned finds that this court is precluded from doing so.

The existence of an inmate appeals process does not create a protected liberty interest upon which plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Furthermore, the misapplication of state prison rules and regulations, without more, does not support a claim under Section 1983.  Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Such violations can only be remedied under Section 1983 if they also violate a constitutional or federal statutory right.  See generally Davis v. Scherer, 468 U.S. 183, 192 (1984); Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In sum, a state's violation of its own laws does not create a cognizable federal claim.  See generally 42 U.S.C. § 1983; see also Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted).  Moreover, one may not transform state law issues into federal ones by simply asserting federal constitutional claims.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

For these reasons, plaintiff's claim that his due process rights were violated by defendants' misapplication of the California Code of Regulations, is not reviewable by this court.

**C.     Property Claim Fails to State a Claim**

Finally, even if plaintiff had properly exhausted and his complaint was rightly before this court, his property claim – which is the only one that is clearly stated in the complaint – is not one

1   upon which relief may be granted.  This is because plaintiff has stated that on two separate

2   occasions, he signed off on 1083 forms that the inventory of his property was accurate.  (See ECF

3   No. 1 at 6, 18-21, 36-37).  Thus, plaintiff's loss of property was his own fault, not that of any of

4   the named defendants.  The fact that at a later date, plaintiff discovered that the inventory forms

5   he signed were inaccurate and that he made this discovery outside the statute of limitations period

6   he had to contest missing property, clearly shows that defendants played no role in depriving

7   plaintiff of his property.  In other words, plaintiff's property loss was not due to a violation of his

8   constitutional rights by a state actor, which an action under Section 1983 requires.  See 42 U.S.C.

9   § 1983.  For these reasons, this complaint should be summarily dismissed for failure to exhaust

10   administrative remedies.  See 42 U.S.C. § 1997e(a).

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  The Clerk of Court shall randomly assign a District Court Judge to this action;

13         2.  Plaintiff's motion to proceed in forma pauperis, docketed January 2, 2019 (ECF No.

14   14) is GRANTED;

15         3.  Plaintiff's motion to proceed in forma pauperis, docketed January 31, 2019 (ECF No.

16   15) is DISMISSED as duplicative, and

17         4.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

19   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20   appropriate agency filed concurrently herewith.

21         IT IS FURTHER RECOMMENDED that this action be SUMMARILY DISMISSED for

22   failure to exhaust administrative remedies.  See 42 U.S.C. § 1997e(a).

23         These findings and recommendations are submitted to the United States District Judge

24   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

25   being served with these findings and recommendations, plaintiff may file written objections with

26   the court.

27   ////

28   ////

1    Such a document should be captioned "Objections to Magistrate Judge's Findings and

2  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

3  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

4  Cir. 1991).

5    Dated:  April 17, 2020

6                                      /s/  DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11  DLB:13
    DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/eleb3026.scrn.ofr.fte
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28